IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRENA S. COMEAUX, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-2701 |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| Successor by Merger to Chase Home § | |
| Finance LLC, § | |
|     Defendant. § | |

**MEMORANDUM AND ORDER**

This foreclosure case is before the Court on the Motion to Dismiss filed by Defendant JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance LLC ("Chase") [Doc. # 4], to which Plaintiff Trena S. Comeaux filed a Response [Doc. # 7], and Chase filed a Reply [Doc. # 8]. Having reviewed the full record and applicable legal authorities, the Court **grants** Defendant's Motion to Dismiss and permits Plaintiff the opportunity to amend her Original Petition in accordance with this Memorandum and Order.

**I.     BACKGROUND**

In June 2004, Plaintiff obtained a home mortgage loan from Chase in the amount of $208,400.00. *See* Original Petition [Doc. # 1-5], ¶ 6. Plaintiff later fell

behind on her mortgage payments. *See id.*, ¶ 8. Attempts to enter into a loan modification were unsuccessful and, on August 14, 2013, Chase notified Plaintiff of its intent to foreclose.

In an attempt to prevent foreclosure, Plaintiff filed this lawsuit in Texas state court on August 30, 2013. Plaintiff asserted a fraud claim, a breach of contract claim, and statutory claims under the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Finance Code.

Chase filed a timely Notice of Removal [Doc. # 1] and a Motion to Dismiss [Doc. # 4]. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Factual allegations must be enough to raise a right to

relief above the speculative level . . ..." *Id.* (citations omitted). The district court retains "'the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

## III. ANALYSIS

### A. Fraud Claim

Plaintiff fails to meet the pleading standard for her fraud claim as set forth in Rule 9 of the Federal Rules of Civil Procedure. Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Specifically, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Plaintiff fails to allege a fraud claim that satisfies the pleading requirements of Rule 9. Plaintiff fails to allege facts and, instead, simply alleges the elements of a fraud claim. For example, Plaintiff alleges that Defendant made misrepresentations. Plaintiff does not allege with adequate specificity the statements Defendant made that she contends were fraudulent, does not identify – by name or title – the person who made the alleged misrepresentations, does not allege when and where the statements were made, and does not explain why she believes the statements were fraudulent. Instead, Plaintiff simply alleges in conclusory fashion that Defendant made misrepresentations and that she relied upon them to her detriment. Plaintiff fails to allege her fraud claim with sufficient particularity and Defendant is entitled to dismissal of this claim.

**B.    Breach of Contract and Statutory Claims**

Plaintiff in her Original Petition fails to meet the pleading standard set forth in Federal Rule of Civil Procedure 8. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678 (explaining that threadbare recitals of the elements of claims and conclusory statements are insufficient).

Plaintiff alleges summarily that Chase breached the loan agreement and violated provisions of the Texas Deceptive Trade Practices Act and the Texas Finance Code. In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.)). Plaintiff fails to allege that she performed under the loan agreement and, indeed, alleges that she failed to make timely mortgage payments.

Plaintiff fails to allege a factual basis for her DTPA claim. To state a claim under the Texas DTPA, a plaintiff must be a consumer. *See* TEX. BUS. & COM. CODE § 17.50(a). To qualify as a consumer, a plaintiff must "seek or acquire goods or services by purchase or lease" and those goods or services must form the basis of the complaint. *See Bohls v. Oakes,* 75 S.W.3d 473, 479 (Tex. App. – San Antonio 2002, pet. denied); TEX. BUS. & COM. CODE § 17.45(4). Whether a plaintiff qualifies as a "consumer" under the DTPA is a question of law for the court to decide. *See Bohls,* 75 S.W.3d at 479. Under the DTPA, the lending of money is not "goods or services" for purposes of consumer status. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex. 1984). "A borrower whose sole objective is a

loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction." *Porter v. Countrywide Home Loans, Inc.*, 2008 WL 2944670, *3 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980)).

Plaintiff fails to identify which section(s) of the Texas Finance Code she claims Defendant violated. Additionally, she fails to allege an adequate factual basis for a Texas Finance Code claim.

Plaintiff has failed to allege her breach of contract and statutory violation claims with an adequate factual basis as required by Rule 8 of the Federal Rules of Civil Procedure. As a result, Defendant is entitled to dismissal of these claims without prejudice.

### C. Leave to Replead

When a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.[1] *See Great Plains Trust Co. v. Morgan Stanley*

---

[1] Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The initial pretrial conference in this case is not scheduled until December 9, 2013. No Docket Control Order has been entered, and there is no Court-ordered deadline
(continued...)

*Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Therefore, the Court, in the interest of justice, grants Plaintiff's request for leave to amend her Original Petition. For each claim, Plaintiff must specify her factual basis for asserting the claim, and she may not plead a claim for which she has no good faith factual and legal basis. *See* FED. R. CIV. P. 11(b).

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff has failed to allege her fraud claim with sufficient particularity to satisfy the requirements of Rule 9. Plaintiff has failed also to allege an adequate factual and legal basis for her breach of contract and statutory violation claims. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and Plaintiff's claims are **DISMISSED without prejudice**. Plaintiff is granted leave to file an amended Complaint on or before **November 22, 2013**. Plaintiff may not plead a claim for which she has no good faith factual and legal basis. *See* FED. R. CIV. P. 11(b). If Plaintiff fails to file an Amended Complaint by November 22, 2013, the Court will enter a final dismissal order in accordance with this Memorandum and Order.

---

[1](...continued)
for amendments to pleadings. As a result, Plaintiff is not required to satisfy the more stringent requirements of Rule 16(b) of the Federal Rules of Civil Procedure.

SIGNED at Houston, Texas, this 30th day of **October, 2013**.

_____
Nancy F. Atlas
United States District Judge